# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DALE SPIESS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Case No.** |
| ) | **04-2458-KHV** |
| **HOWARD FRICKE, DAN ETZEL,** ) | |
| **AND DUANE GOOSSEN,** ) | |
| ) | |
| **Defendants.** ) | |
| _____) | |

## AMENDMENTS TO PRETRIAL ORDER

The Honorable G. Thomas VanBebber entered a pretrial order in this case on May 9, 2005 (Doc. #45). Because of Judge VanBebber's death, the case was transferred to the undersigned. On its own motion, the Court hereby amends the pretrial order to reflect the following deadlines and provisions. Portions of the pretrial order not mentioned here remain in effect unless the Court has changed them by previous order.

**WITNESSES AND EXHIBITS.**

    **a.**    **Final Witness and Exhibit Disclosures Under Rule 26(a)(3).**  The parties' final witness and exhibit disclosures pursuant to Fed. R. Civ. P. 26(a)(3) shall be filed no later than 20 days before trial. The remainder of this paragraph remains as in the pretrial order.

    **b.**    **Objections.**  The parties shall file any objections under Fed. R. Civ. P. 26(a)(3) no later than 11 days before trial.  Any responses to such objections shall be filed no later than 5 calendar days before trial. The Court shall deem waived any objection not timely asserted, unless excused by the Court for good cause

1

shown. Such objections and responses shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the Court.

      **c.**    **Marking and Exchange of Exhibits.** All exhibits shall be marked no later than 5 calendar days before trial. The parties shall exchange copies of exhibits at or before the time they are marked. The parties shall also prepare lists of their expected exhibits, in the form attached to this pretrial order, for use by the courtroom deputy clerk and the court reporter. In marking their exhibits, the parties shall use preassigned ranges of numbered exhibits. Exhibit Nos. 1-400 shall be reserved for plaintiff; Exhibit Nos. 401-800 shall be reserved for defendant. The remainder of this paragraph in the pretrial order is deleted.

      **d.**    **Designations of Deposition Testimony.**

           **(1)**    <u>**Written Depositions**</u>. Consistent with Fed. R. Civ. P. 26(a)(3)(B), any deposition testimony sought to be offered by a party other than to impeach a testifying witness shall be designated by page and line in a pleading filed no later than 20 days before trial. No later than 11 days before trial, in accordance with Fed. R. Civ. P. 32(a)(4), the opposing party shall file a counter-designation by page and line of any portions of the deposition that the opposing party believes in fairness ought to be considered with the part the offering party has designated, together with any objections to the designations made by the offering party. Any objections to any counter-designations shall be filed no later than 5 calendar days before trial. All of the above-described deposition designations, counter-designations, and objections shall be served by fax or hand delivery in addition to service by mail on the same date that such pleadings are filed with the Court. The Court will not entertain any objections to deposition testimony unless and until the parties have attempted in good faith to resolve the dispute among themselves either in person or via telephone conference. Where the Court must resolve disputes concerning presentation of deposition testimony at trial, the objecting party shall deliver a copy

of the deposition to the trial judge no later than 1 business day before trial. On this copy, those portions of the deposition that are intended to be presented at trial shall be marked by brackets in the margins with different colored highlighting. Red highlighting shall be used for plaintiff, blue highlighting shall be used for defendant, and yellow highlighting shall be used for any third party.

      **(2)** **<u>Videotaped Depositions</u>.** The paragraph immediately above applies to videotaped depositions as well as written deposition transcripts. When, however, the parties require rulings outside the presence of the jury to facilitate a "clean" presentation of deposition testimony at trial, written transcripts rather than videotaped transcripts shall be presented in connection with the parties' objections. A party who offers a videotaped deposition must edit the tape according to the designations and Court's rulings so that it can be played in a manner that will not delay the trial.

**MOTIONS.**

    **c.** **Motions Regarding Expert Testimony.** All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702- 05, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed by the deadline set for dispositive motions.

    **d.** **Motions in Limine.** All motions in limine, other than those challenging the propriety of an expert witness, shall be filed no later than 20 days before trial. Briefs in opposition to such motions shall be filed no later than 15 days before trial. Reply briefs, if any, shall be filed no later than 11 days before trial. Motions and briefs in support of or in opposition to such motions shall be served by fax or hand delivery in addition to service by mail on the same date that such pleadings are filed with the Court.

**FURTHER PROCEEDINGS AND FILINGS.**

      **b.**    **Trial Briefs.**  A party desiring to submit a trial brief shall comply with the requirements of D. Kan. Rule 7.6.  Plaintiff's trial brief (if any) shall be filed no later than 15 days before trial.  Defendant's trial brief (if any) shall be filed no later than 11 days before trial.  A party filing a trial brief shall deliver an extra copy to the trial judge's chambers at the time of filing.  The Court does not require trial briefs but finds them helpful, particularly if the parties anticipate that unique or difficult issues will arise during trial.  Such pleadings shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the Court.

      **c.**    **Voir Dire.**  The parties shall file proposed voir dire questions no later than 15 days before trial.  Any objections to such proposed questions shall be filed no later than 11 days before trial.  Such pleadings shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the Court. Due to substantially differing views among judges of this Court concerning the extent to which counsel should be allowed to participate in voir dire, counsel are encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) well in advance of the above-described deadlines to address what, if anything, actually needs to be submitted by way of proposed voir dire questions.

      **d.**    **Jury Instructions.**

      (1)    Requests for proposed instructions in jury cases shall be submitted in compliance with Fed. R. Civ. P. 51 and D. Kan. Rule 51.1.  Counsel are encouraged to contact the trial judge's law clerk or courtroom deputy (in accordance with the preference of the particular trial judge) to determine that judge's so-called standard or stock instructions, e.g., concerning the jury's deliberations, the evaluation of witnesses' credibility, etc.; it is unnecessary to submit such proposed jury instructions to the Court.  The parties and the

4

attorneys have the joint responsibility to attempt to submit one agreed set of preliminary and final instructions that specifically focuses on the parties' factual contentions, the controverted essential elements of any claims or defenses, damages, and any other instructions unique to this case. In the event of disagreement, each party shall submit its own proposed instructions with a brief explanation, including legal authority as to why its proposed instruction is appropriate, or why its opponent's proposed instruction is inappropriate, or both.

(2) Proposed instructions in jury cases shall be filed no later than 15 days before trial. At the time of filing, the parties shall deliver a copy of the proposed instructions to the trial judge's chambers. Objections to any proposed instructions shall be filed no later than 11 days before trial. Such pleadings shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the Court.

**e.** **Findings of Fact and Conclusions of Law.** In bench trials, plaintiff shall serve and file proposed findings of fact and conclusions of law no later than 15 days before trial, and defendant shall file such proposed findings of fact and conclusions of law no later than 11 days before trial. Such pleadings shall be served by fax or hand delivery in addition to service by mail on the same date that they are filed with the court. The parties shall deliver an extra copy of their proposed findings and conclusions to the trial judge's chambers at the time of filing.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| Event | Deadline/Setting |
| Final witness & exhibit disclosures | 20 days before trial |
| Objections to final witness & exhibit disclosures | 11 days before trial |
| Responses to objections to final witness & exhibit disclosures | 5 calendar days before trial |
| Exhibits marked | 5 calendar days before trial |
| Deposition testimony designated | 20 days before trial |
| Objections to deposition designations, along with any counter-designations | 11 days before trial |
| Objections to counter-designations of deposition testimony | 5 calendar days before trial |
| Submission of disputes concerning designated deposition testimony | 1 business day before trial |
| Motions in limine | 20 days before trial |
| Briefs in opposition to motions in limine | 15 days before trial |
| Reply briefs, if any, in support of motions in limine | 11 days before trial |
| Plaintiff's trial brief | 15 days before trial |
| Defendant's trial brief | 11 days before trial |
| Proposed voir dire questions | 15 days before trial |
| Objections to proposed voir dire questions | 11 days before trial |
| Proposed jury instructions | 15 days before trial |
| Objections to proposed jury instructions | 11 days before trial |
| Plaintiff's proposed findings of fact and conclusions of law in bench trials | 15 days before trial |

| Event | Deadline/Setting |
|---|---|
| Defendant's proposed findings of fact and conclusions of law in bench trials | 11 days before trial |

**IT IS THEREFORE ORDERED** that the pretrial order in this case (Doc. #45) be and hereby is amended as specified above.

Dated this 2nd day of August, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge